[Civ. No. 15556.   First Dist., Div. Two.   Feb. 15, 1954.]

VERDA HANSEN et al., Appellants, v. EUGENE V. WARING, as County Auditor, etc., Respondent.

Oswald G. Ingold and Henry Poppic for Appellants.

J. F. Coakley, District Attorney (Alameda County), R. Robert Hunter, Assistant District Attorney, and John D. Sparrow, Deputy District Attorney, for Respondent.

DOOLING, J.—This case is presented on an agreed statement on appeal and the only question is one of statutory construction.

Appellant Seyman was appointed a deputy clerk of the Berkeley Justice's Court on September 13, 1951; appellant Hubbs received a like appointment on September 24, 1951; and appellant Hansen was appointed to a like position on December 16, 1951. On January 1, 1952, the Berkeley Justice's Court was superseded by the Municipal Court for the Berkeley-Albany Judicial District. At the time the Berkeley Justice's Court was so superseded each appellant was receiving a salary of $275 per month.

By chapter 1704, Statutes of 1951 (p. 3916) the Legislature provided, so far as material here:

"Section 1. The municipal court established in a district embracing the Cities of Berkeley and Albany shall be constituted, and the judges, officers and attaches thereof shall receive compensation, as follows:

. . . . . . . . . . . . .

"(2) There shall be one clerk . . . who may appoint the following:

. . . . . . . . . . . . .

"One deputy clerk, who shall receive a minimum salary of two hundred fifty dollars ($250) monthly with annual increments of ten dollars ($10) to a maximum of three hundred dollars ($300) monthly;

"Four deputy clerks, each of whom shall receive a minimum salary of two hundred twenty-five dollars ($225) monthly with annual increments of ten dollars ($10) to a maximum of two hundred seventy-five dollars ($275) monthly;

"(3) Persons who succeed to positions in the municipal court under provisions of the Municipal and Justice Court Act of 1949 shall receive credit for continuous prior service in superseded courts and shall receive, in addition to the minimum rate, the annual increments commensurate with such years of prior service up to the maximum rate set."

Appellant Seyman was appointed to the position of deputy clerk of the new municipal court carrying the minimum salary

of $250 per month and the other appellants to two of the four such positions carrying a minimum salary of $225 per month. Since none of them had a year's service in the superseded court, each was paid only the minimum salary. They sought a writ of mandate to compel the payment to each of them of $275 per month, the salary that they had been receiving in the superseded justice's court. Judgment went against them.

Appellants rely on sections 4 and 5 of the Municipal and Justice Court Act of 1949 (Stats. 1949, p. 2681). These sections, so far as pertinent read:

"Sec. 4. The clerk, or chief clerical officer by whatever name known, his deputies and other attaches in his office, the marshal or constable, or similar official, his deputies and attaches, and all other officers or employees of each court superseded in whole or in part by a municipal or justice court, shall become the clerk, his deputies and attaches, the marshal or constable, his deputies and attaches, and officers or employees of such municipal or justice court upon its organization, so far as such positions are provided by law.

"All such persons shall be deemed to be appointed upon the organization of the court and to have met all of the requirements for appointment to permanent positions as hereinafter provided . . .

"Sec. 5. . . .

"Upon the organization of the court, the clerks, deputies and attaches or employees of the superseded court or courts shall be assigned, as far as practical, to positions in the municipal or justice court similar in duties and compensation to the positions held in any such superseded court. Every person who succeeds to any office or position in the municipal or justice court by virtue of any of the provisions of this act shall be entitled to all of the benefits and privileges, not inconsistent herewith, which attached to such person by virtue of his office or position in any superseded court."

Appellants point out that by these sections the Legislature has provided that the deputy clerks of the superseded court shall become the deputies of the new municipal court "so far as such positions are provided by law," and "shall be assigned, as far as practical, to positions . . . similar in duties and compensation to the positions held in any such superseded court" and "shall be entitled to all the benefits and privileges, not inconsistent herewith, which attached" to them "by virtue of (their) office(s) or position(s) in (the) superseded court."

From this they argue that since the salary provisions of chapter 1704, Statutes of 1951 above quoted set minimum and maximum salary limits, and the salaries that they previously received are within those limits the two statutes should be construed together to entitle them to receive $275 per month. This argument would have more force if chapter 1704 only set minimum and maximum limits. It however goes much further. It provides very definitely that the employee shall start at the minimum salary and receive thereafter annual increases of $10 per month until the maximum is reached, and as to employees from superseded courts it provides that they shall receive credit for continuous prior service ''and shall receive, in addition to the minimum rate, the annual increments commensurate with such years of prior service.''

It seems perfectly clear that the Legislature intended the minimum to be the starting salary, unless the employee had one or more years prior service in the superseded office.

It is also noteworthy that the Municipal and Justice Court Act of 1949 relied on by appellants provides that employees of superseded courts ''shall be assigned, *as far as practical,* to positions . . . *similar* in duties and compensation . . .''

Where the Legislature has, as here, fixed a lower salary scale for the new positions the assignment of appellants to those positions is ''as far as practical'' a compliance with this provision. Nor does ''similar'' necessarily mean ''identical.'' It is defined in Webster's New International Dictionary, 2d edition: ''Nearly corresponding; resembling in many respects; somewhat like; having a general likeness.''

*Handlon* v. *Wolff,* 72 Cal.App.2d 53, at page 58 [164 P.2d 46], construed a charter provision differing in language from the statutes in question here, but even so it held that a more stringent ''blanketing in'' provision might be satisfied by ''a similar position in kind and degree—one that in salary, authority, duties, etc., is *reasonably comparable* to the employee's former position.'' (Emphasis ours.)

Judgment affirmed.

Nourse, P. J., and O'Donnell, J. pro tem.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 14, 1954.

---

*Assigned by Chairman of Judicial Council.